COPY

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

ANA ROVER

    Plaintiff,

v.

GIANT OF MARYLAND, LLC

    Defendant.

Civil Action No. 05-0005513
Judge Natalia Combs Greene
Next Event: Initial Scheduling Conference
    October 21, 2005 @ 9:00 a.m.

RECEIVED
CLERK'S OFFICE
SEP 29 2005

### DEFENDANT GIANT OF MARYLAND, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

The defendant, Giant of Maryland, LLC, by and through its attorneys, Jordan, Coyne & Savits, L.L.P. and A. David Freeman, respectfully submits the following Answer to Plaintiff's Complaint.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The relief sought in the Complaint is, or may be, barred by the doctrines of contributory negligence, assumption of the risk, avoidable consequences, violations of applicable safety regulations, lack of causation, lack of duty, consent, release, waiver, and such other defenses as the discovery record herein will support.

### THIRD DEFENSE

The claims asserted in the Complaint are or may be barred, in whole or in part, by the failure to join indispensable and/or necessary parties.

### FOURTH DEFENSE

The claims asserted in the Complaint are or may be barred, in whole or in part, by the

**RECEIVED**
OCT 12 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

plaintiff's failure to mitigate damages.

## FIFTH DEFENSE

The defendant avers that the injuries, losses and damages, if any, suffered by the plaintiff are the result of the intentional or negligent acts of independent third parties over whom this defendant had no control.

## SIXTH DEFENSE

The defendant avers that venue is improper in this case under the doctrine of *Forum Non Conveniens* and because the venue is otherwise inconvenient.

## SEVENTH DEFENSE

In answering separately the numbered paragraphs of the Complaint, the defendant, Giant of Maryland, LLC, states as follows:

1.  Paragraph 1 of the Complaint sets forth a legal contention that requires no averment from the defendant. The defendant denies any factual allegations that may be asserted therein.

2.  In response to paragraph 2 of the Complaint, the defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the plaintiff's averment that on or about May 28, 2004, she was a customer and business invitee on the premises located at 4309 Dale Boulevard in Woodbridge, VA and, therefore, must deny same. As to the plaintiff's averment that the defendant's negligence caused the plaintiff to sustain major personal injuries, the defendant denies all allegations of negligence contained therein and, further, the defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the plaintiff's averment that she sustained personal injuries and, therefore, must deny same and demand strict proof thereof.

3. In response to paragraph 3 of the complaint, the defendant denies all allegations of negligence contained therein. Further, the defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the plaintiff's averment that she sustained/incurred past, present, and future medical bills, lost wages, cosmetic scarring, pain and suffering and, therefore, must deny same and demand strict proof thereof.

### EIGHTH DEFENSE

The defendant expressly denies any averment of fact not explicitly admitted herein and reserves the right to amend this Answer based upon new or additional information.

WHEREFORE, having fully answered the Complaint, Defendant, Giant of Maryland, LLC, respectfully prays that said Complaint be dismissed, with prejudice, and that it be awarded all appropriate costs.

Respectfully submitted,

JORDAN COYNE & SAVITS, L.L.P.

By: _____
A. David Freeman #484795
1100 Connecticut Avenue, NW
Suite 600
Washington, DC 20036
(202) 496-2837
Fax: (202) 496-2800

Counsel for Defendant Giant of Maryland, LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Answer was mailed, first class and postage prepaid, this 29th day of September, 2005 to:

Edward C. Bou, Esquire
Bou & Bou
1717 K Street, NW
Suite 407
Washington, DC 20036

_____
A. David Freeman