IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANA O. ROVER,                        *

        Plaintiff,            *

    v.                               *    Case No.:  1:05CV02017

GIANT OF MARYLAND, LLC,              *    Judge John D. Bates

        Defendant.            *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO TRANSFER

Defendant, Giant of Maryland, LLC ("Giant"), by its attorneys, Robert L. Hebb and Semmes, Bowen and Semmes, submits the following Memorandum of Law in support of its Motion to Transfer.

## I.  INTRODUCTION

Plaintiff, a citizen of Virginia, alleges she suffered injury at Defendant's grocery store located in Virginia when a floor buffing machine owned and operated by a company based in Virginia struck her foot.  *See* Pl's. Compl.

Giant moves to transfer this case to the United States District Court for the Eastern District of Virginia.  Plaintiff's allegations have no connection with the District of Columbia whatsoever.

## II.  ARGUMENT

Plaintiff's lawsuit should be transferred to the United States District Court for the Eastern District of Virginia, Alexandria Division, pursuant to 28 U.S.C. § 1404 for several legitimate reasons.

**A.  Venue is proper in the United States District Court for the Eastern District of Virginia.**

The threshold requirement of § 1404(a) is that the action might have been brought in the proposed district for transfer.  *Weinberger v. Tucker*, 391 F. Supp.2d 241, 243 (D.D.C. 2005).  A civil action wherein jurisdiction is founded only on diversity of citizenship "may be brought in any judicial district in which *'a substantial part of the events or omissions giving rise to the claim occurred.'"[1] Id.* at 244 (emphasis added)(citing 28 U.S.C. § 1391(a)(2)).

In this case, Plaintiff's action could have, and should have, been brought in Virginia state or federal court.  All of the alleged events and omissions found in Plaintiff's Complaint occurred in Virginia.  Defendant's store is located in Virginia, and Plaintiff is alleged to have suffered injury in Virginia.  Plaintiff is a resident of Virginia.  The company that owned and operated the floor buffing machine is located in Virginia.  Therefore, venue is proper in Virginia.

**B.  A transfer is warranted under the circumstances of this case.**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  "The Court may consider the following factors in determining whether a case should be transferred under Section 1404(a):  [t]he convenience of the witnesses of plaintiff and defendant; ease of access to sources of proof; availability of compulsory process to compel the attendance of unwilling witnesses; the relative congestion of the calendars of potential transferee and transferor courts; and other practical aspect [sic] of expeditiously and conveniently conducting a trial."  *Reaves v. United States Department of Justice*, 355 F. Supp.2d 510, 517 (D.D.C. 2005)(citing *Chung v. Chrysler Corp.*, 903 F. Supp. 160, 163-64 (D.D.C. 1995)).  Of equal consideration are

---

[1]  This case was removed to this Court on diversity grounds because Giant of Maryland, LLC is a citizen of Maryland and Plaintiff is a citizen of Virginia and the amount in controversy allegedly exceeds $75,000.

public-interest factors such as "the transferee's familiarity with the governing laws" and "the local interest in deciding local controversies at home."  *Sheldon v. Nat. R.R. Passenger Corp.*, 355 F.Supp.2d 174, 178 (D.D.C. 2005); *Schmidt v. American Institute of Physics*, 322 F. Supp.2d 28, 35 (D.D.C. 2004).

**1. *Plaintiff's Choice of Forum is entitled to little weight under the circumstances.***

It is well recognized that "substantially less deference is granted to a plaintiff's choice of forum if it is not the plaintiff's home forum."  *Kotan v. Pizza Outlet ,Inc.*, ___ F. Supp.2d ___, Civ. Action No. 05-01119, 2005 WL 2861165, *5 (D.D.C. Oct. 28, 2005); *see also Weinberger*, 391 F. Supp.2d at 245 (explaining that "'substantially less deference' is warranted, where, as here, the transferring court is not plaintiff's home forum").  Moreover, deference to a plaintiff's choice of forum is further "mitigated . . . where the plaintiff's choice of forum has 'no meaningful ties to the controversy and no particular interest in the parties or subject matter.'" *Schmidt*, 322 F. Supp.2d at 33 (citing *Chung*, 903 F. Supp. at 165).

As noted, none of the operative facts set forth in Plaintiff's Complaint occurred within the District of Columbia.  Indeed, neither of the parties are residents of the District of Columbia, and Plaintiff, in fact, is a resident of Virginia, the proposed transferee venue.  Further, the store in which the alleged injury occurred is located in Virginia, not in the District of Columbia.  The cleaning company that operated the floor buffing machine allegedly causing Plaintiff's injuries is located in Virginia,  not in the District of Columbia.[2]  In fact, the only connection evident from Plaintiff's Complaint that this case has with the District of Columbia is that Plaintiff's counsel's offices are located on K Street.  "It is well settled, however, that convenience of counsel is entitled to little

---

[2]  The cleaning company, SRK Cleaning, Inc., is located in Charlottesville, Virginia.

consideration in deciding a motion to transfer pursuant to Section 1404(a)." *Mitchell v. Farrell Lines, Inc.*, 350 F. Supp. 1325, 1327 (E.D. Pa. 1972).

Because Plaintiff is not a resident of the District of Columbia, and because none of the operative facts occurred within the District of Columbia, Plaintiff's choice of forum is entitled to little weight when balancing against considerations weighing in favor of transfer. When so balanced, it is evident that this case warrants a transfer.

**2. Considerations Supporting a Transfer to the Eastern District of Virginia.**

**a. Virginia Residents as Potential Witnesses**

Most, if not all, of the witnesses in this case reside in Virginia. Plaintiff is a resident of Woodbridge, Virginia. A Giant employee working on the evening of the occurrence is a resident of Dale City, Virginia. The last known address of the individual operating the floor buffing machine is Woodbridge, Virginia. The company that owned and operated the floor buffing machine is based in Charlottesville, Virginia.

Admittedly, the location of this Court is not much further for these witnesses than the location of the Alexandria Division of the United States District Court for the Eastern District of Virginia. Therefore, the inconvenience imposed upon these witnesses by going forward in this Court versus the Alexandria Division is not too great. However, there is inconvenience nonetheless, and under the circumstances of this case, that inconvenience is entitled to at least the same minimum amount of weight afforded to Plaintiff's choice of forum. Thus, the inconvenience to the witnesses on the one hand, and Plaintiff's choice of forum on the other, at least balance off against one another. The other considerations favoring transfer tip the scale in favor of transfer.

**b. Choice of Law and Juror Interest as Considerations**

Plaintiff alleges that Giant, through its agent, "did carelessly and negligently operate a floor buffing machine in such a way as to hit and run over Plaintiff's foot." Pl.'s Compl. at ¶ 2. Plaintiff also alleges that this occurred while she was a customer at Defendant's grocery store in Virginia. Pl.'s Compl. at ¶ 2. Thus, the trial of this matter will involve application of Virginia law. While counsel for Giant has the utmost faith in this Court's ability to competently apply the laws of a foreign jurisdiction such as Virginia, *choice of law is a factor* to be considered in connection with a motion to transfer. *Sheldon*, 355 F. Supp.2d at 178; *Schmidt*, 322 F. Supp.2d at 35. Thus, this public-interest factor weighs in favor of transfer.

Moreover, because the occurrence happened in Virginia, citizens of Virginia, from which a potential jury pool would be drawn if the case was transferred, have a local interest in deciding local controversies at home in Virginia. *Sheldon*, 355 F. Supp.2d at 178; *Schmidt*, 322 F. Supp.2d at 35. It is reasonable to believe that Virginia jurors would be more concerned about negligence allegedly committed by a local grocery through its use of a local cleaning company than would District of Columbia jurors. *See, e.g., Harris v. Lewis*, No. Civ. A. 91-5918, 1993 WL 126430, *4 (E.D. Pa. April 21, 1993)(explaining that jurors are more likely to be concerned about events occurring in their home State as opposed to events occurring in other States). Thus, this public-interest factor also weighs in favor of transfer.

The public-interest factors favoring transfer, combined with the convenience consideration for the Virginia witnesses, weigh in favor of a transfer of this case, and outweigh Plaintiff's choice of forum.

## IV.  CONCLUSION

For the foregoing reasons, Defendant requests, pursuant to 28 U.S.C. § 1404, that this Court

transfer this case to the United States District Court for the Eastern District of Virginia.


  _/s/ Robert L. Hebb_____
Robert L. Hebb
Semmes, Bowen & Semmes
250 West Pratt Street
Baltimore, Maryland  21201
(410) 539-5040

**_Attorneys for Defendant,_**
**_Giant of Maryland, LLC_**